# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DALE DAWSON on behalf of himself and all other similarly situated employees, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:14-cv-01105-JDB- egb<br>) |
| v. | ) **JURY TRIAL DEMANDED**<br>) |
| EMERGENCY MEDICAL CARE FACILITIES, P.C., | )<br>)<br>) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On referral to the Magistrate Judge for determination or report and recommendation is Plaintiff's Motion to Certify Class [D.E. 9] which seeks to conditionally certify this lawsuit as a collective action for overtime violations under the Fair Labor Standards Act ("FLSA"). The Defendant opposes conditional certification.

<u>Relevant Background</u>

Defendant Emergency Medical Care Facilities, P.C., with its principal place of business in Jackson, Tennessee, employs Nurse Practitioners and Physician's Assistants, including at one time, Plaintiff Dale Dawson. Plaintiff's Complaint includes allegations of overtime work without receiving compensation for all hours worked by Plaintiff, and also is filed on behalf of the other Physician's Assistants and Nurse Practitioners who are similarly situated.

In support of the Plaintiff's Motion, he has submitted his Declaration executed on June 4, 2014, as follows:

My name is Dale Dawson. I am of majority age and am competent to execute this

Declaration and have personal knowledge of the facts stated herein.

I worked as a "physician's assistant" for Emergency Medical Care Facilities, P.C. from approximately January 2001 until approximately April 2013.

I am not a physician. As a physician's assistant, I worked under the supervision of a physician. I did not have admitting privileges at hospitals. The amount of education training required to be a Physician's Assistant is not as lengthy as it is for a physician. There are also other distinctions. These distinctions are true for nurse practitioners as well.

Emergency Medical Care Facilities, P.C. employed numerous "physicians' assistants" and "nurse practitioners" during my employment with the company.

During my employment, I was paid $55.00 per hour, plus a bonus based on the amount of patients I served. I did not make a guaranteed salary.

Based on conversations with my previous colleagues and management, I am aware that other Nurse Practitioners and Physicians' Assistants at Emergency Medical Care Facilities, P.C. also we were paid an hourly rate plus the opportunity for a bonus.

We were not paid on a salary basis.

I usually worked over forty (40) hours per week.

Despite the fact that I usually worked over forty (40) hours per week, I was not paid one and one-half my regular rate of pay for hours worked over forty (40) per workweek.

I DECLARE, CERTIFY, VERIFY under oath pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.
/signature/
Dale Dawson

## Report and Recommendation

*Section 216(b) of the FLSA* provides:

> An Action [under *§ 206*] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b)*. Collective actions under the FLSA require putative class members to opt into the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009). Also in contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity,

commonality, typicality, and representativeness requirements of a traditional *Rule 23* class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

However, the plaintiffs in a FLSA collective action must demonstrate that they are "similarly situated." *29 U.S.C. § 216(b)*; *O'Brien, 575 F.3d at 583*. Under the FLSA, putative class members "whose causes of action under the FLSA accrued at about the time and place and in the approximate manner of the named plaintiff would be similarly situated and can opt into the action." *Miklos v. Golman-Hayden Companies, Inc.,* No. 2:99-CV-1279, 2000 WL 1617969, at *1 (S.D. Ohio, Oct. 24, 2000). In *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the "Supreme Court ... made it clear that the collective action provisions of the FLSA, 29 U.S.C. Section 216(b), authorize a trial court to issue court-supervised notice to potential class members." *Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 251 (M.D. Tenn. 1996). "That power is to be exercised, however, only in 'appropriate cases,' and remains within the discretion of the district court." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D. Minn. 1991). However, the Supreme Court "gives little guidance on how the district court should proceed in determining whether a case is appropriate for court-authorized notice." *Id.* Furthermore, "the lower courts have not agreed as to the factual showing that must be made by a plaintiff to show who is 'similarly situated' at the notice stage." *Belcher*, 927 F.Supp. at 251. The United States Court of Appeals for the Sixth Circuit has not addressed this issue.

"Some courts hold that a plaintiff can demonstrate that potential class members are 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices." *Belcher,* 927 F.Supp. at 251. *See, e.g., Allen v. Marshall Field & Co.,* 93 F.R.D. 438 (N.E. Ill. 1982). "Other courts hold that a plaintiff meets this burden by demonstrating some factual support for the allegations before issuance of notice."

*Belcher,* 927 F.Supp. at 251. *See, e.g., Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D. N.Y. 1995).

When an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs have received notice, based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations to all putative class members. *See O'Brien, 575 F.3d at 585-86* (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc., 671 F. Supp. 2d 957, 959, 961* (W.D. Mich. 2009) (Bell, J.) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties). At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591 ,595 (S.D. Ohio 2002))*. Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer, 454 F.3d at 547* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000))*. As Judge Mays explained:

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs., 236 F.R.D. 363, 367 (E.D. Tenn. 2006)*; *Swallows v. City of Brentwood, Tenn., 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at *2 (M.D. Tenn. Aug. 20, 2007)*. "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison*

> *Township Bd. of Township Trustees, 2007 U.S. Dist. LEXIS 76450, at \*6 (S.D. Ohio Oct. 5, 2007)*. At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002))*. Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer, 454 F.3d at 547* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,111 F. Supp. 2d 493, 497 (D.N.J. 2000))*.

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, \*12-13, (W.D. Tenn. Sept. 16, 2008)

Here, based on Plaintiff's Declaration and his Complaint [D.E. 1], the Court finds that Plaintiff has adequately established that he, the Nurse Practitioners, and other Physician's Assistants are similarly situated. Plaintiff's Declaration indicates that he was not paid overtime pay for his overtime work and that he had conversed with his colleagues of this putative class and they were paid by the hour and not on a salary basis. In his Complaint, Plaintiff asserts at paragraph 17 that he complained about this problem to his supervisors and despite these complaints, Defendant failed to take any remedial action to resolve this issue. Further, he states Defendant was guilty of an intentional failure in such overtime violations and failed to take any remedial action as to the other similarly situated employees.

While conceding the conditional standard is lenient, Defendant has objected to how the Plaintiff has framed the putative opt-ins to include both Nurse Practitioners and other Physicians' Assistants, neither of whom Defendant argues, has been demonstrated to be "similarly situated," and further that the Plaintiff himself was unique from the other Physician's Assistants in that Plaintiff was allowed to set his own schedule and that it was much less than 40 hours a week.

5

Insofar as this Court can tell, there has been no discovery, which will be of benefit here. "Plaintiffs generally must produce 'more than just allegations and affidavits demonstrating similarity in order to achieve <u>final</u> certification." *Frye v. Baptist Memorial Hospital, Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012)(emphasis added). If, after a review of the evidence produced during discovery, the Court finds that the named plaintiff and putative class members are similarly situated, the case will move forward to trial. *Hathaway v. Masonry,* 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012). But at the present stage, this Court is not to "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Wlotkowski v. Mich. Bell Tel. Co.,* 267 F.R.D. 213, 217 (E.D. Mich. 2010). The Magistrate Judge is satisfied that Plaintiff has shown that "his position is similar, not identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002)).*

Based upon the above, the Magistrate Judge recommends that this case proceed as a collective action for minimum wages and overtime violations under the FLSA on behalf of the non-exempt Plaintiff, Physician's Assistants, and Nurse Practitioners who worked for Defendant during the last three years who have been worked without proper compensation.

Further, the Magistrate Judge recommends a finding that: (1) Plaintiff and Defendant work together to agree on a notice form; (2) Defendant provide a list of names and last known addresses for the proposed class; (3) Defendant be required to post notice to employees at their office; (4) the statute of limitations for the putative class be tolled as of the date of the order; and (5) the Consent Forms of the Opt-in-Plaintiffs be deemed "filed" on the date they are postmarked.

Respectfully submitted this 27th day of August, 2014.

                                            **s/Edward G. Bryant**
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**